**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

DAVID L. WRIGHT, JR.,

Plaintiff,

vs.

RODERIC WEBER, GARY DUREN, and CRAIG TAYLOR,

Defendants.

Civil No. 00-1214 DDA/FLN

**ORDER ON MOTION IN LIMINE**

---

ROBERT D. BOEDIGHEIMER and JUSTIN H. SILCOX, Bloomington, Minnesota, for Plaintiff.

PETER W. GINDER, Assistant Minneapolis City Attorney, for Defendants.

---

This matter is before the Court upon motion of the Defendants to exclude certain sections of the Minneapolis Police Department Policy and Procedure Manual from evidence at trial. Although Defendants made that motion at a pretrial conference after the deadline for filing motions in limine, the parties have briefed the issues and the Court will consider the motion. For the reasons stated in this Order, the Court will deny Defendants' motion. This ruling is not definitive by the terms of Fed.R.Evid. 103(a)(2), and Defendants may renew their objection to introduction of this evidence at trial.

Plaintiff David Wright ("Wright") contends in this case that Defendants, all Minneapolis police officers, used excessive force in arresting him on April 26, 1998. Wright asserts various state law tort claims along with a claim pursuant to 42 U.S.C. § 1983 for a violation of his rights under the Fourth Amendment. As part of his case, Wright intends to offer into evidence sections 5-303 and 5-323 of the Minneapolis Police Department Policy and Procedure Manual. Section 5-303 provides general guidelines governing police officers' use of force. Section 5-323 provides more detailed guidelines concerning the areas of the body police officers permissibly may target with impact weapons. Defendants object to this evidence, arguing that it is not relevant or, in the alternative, that its potential to confuse the jury outweighs its probative value.

FILED NOV 15 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Defendants' position on relevance is contrary to Ludwig v. Anderson, 54 F.3d 465 (8th Cir. 1995), which held that police procedures "are relevant to the analysis of constitutionally excessive force." Id. at 472 (citing Tennessee v. Garner, 471 U.S. 1, 18-19 (1985)). With respect to potential confusion of the jury, Defendants note that the Minneapolis police procedures are more restrictive than the constitution requires and that the jury could mistake the police department's standard for the constitutional standard in determining liability. The district court has discretion under Fed.R.Evid. 403 to exclude evidence of official standards that might mislead or confuse the jury about the constitutional standard of conduct. Cf. Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1992) (per curiam) (discussing jail standards as applied to a prisoner). In this instance, however, an appropriate instruction to the jury should be sufficient to alleviate any confusion resulting from introduction of the procedure manual.

For the foregoing reasons, the Court accordingly **ORDERS** that Defendants' motion in limine is DENIED.

Dated: November 15, 2001

Donald D. Alsop

DONALD D. ALSOP, Senior Judge
United States District Court